**ODU LAW FIRM, LLC**
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Olayiwola O. Oduyingbo (RI Bar No. 9427)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone: (401) 209-2029
Facsimile: (401) 217-2299

*Attorney for Plaintiff*
*John Miller*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

JOHN MILLER, an individual,

*Plaintiff*,

v.

RILEY POWER GROUP, LLC, *alias*, and ELECTRIC BOAT CORPORATION, *alias*,

*Defendants*.

Case No.

**COMPLAINT FOR:**

1. **Violation of the Rhode Island Whistleblowers' Protection Act, R.I. Gen. Laws, §28-50-1 *et seq.*;**
2. **Violation of Title VII of the Civil Rights Act Of 1964 as amended, 42 U.S.C. § 2000e *et seq.*;**
3. **Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*;**
4. **Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.*;**
5. **Violation of the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 *et seq.*;**
6. **Violation of the Rhode Island Civil Rights Act, R.I. Gen. Laws § 42-112-1 *et seq.*; and**
7. **Violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87-1 *et seq*.**

**DEMAND FOR JURY TRIAL**

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## TABLE OF CONTENTS

**Page**

SUMMARY OF THE ACTION ..... 1

PARTIES ..... 1

JURISDICTION ..... 2

VENUE ..... 2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ..... 3

John Is Blind In One Eye And Has A Limp And Is Subjected To Discrimination Due To His Conditions. ..... 3

Defendants' Hostile Work Environment Affected John's Mental and Physical Health and Denied Him A Deserved Promotion. ..... 5

Defendants Terminated John and Others Over 40 Years Old While Maintaining Less Experienced and Younger Employees. ..... 7

Defendants Jointly Employed John at EB's Quonset Point Facility and Jointly Operated and Controlled John's Employment. ..... 8

John Exhausts Administrative Remedies And Receives The Right To Sue ..... 8

CLAIMS FOR RELIEF ..... 9

PRAYER FOR RELIEF ..... 12

DEMAND FOR JURY TRIAL ..... 12

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

# COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff John Miller ("John") brings this action against Defendants Riley Power Group, LLC, *alias* ("RPG"), and Electric Boat Corporation, *alias* ("EB") (collectively, "Defendants") to assert his rights and remedy grave and rampant discriminatory and retaliatory violations committed by Defendants over the course of several months. John is seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Rhode Island Whistleblowers' Protection Act ("RIWPA"), R.I. Gen. Laws, §28-50-1 *et seq.*; the Title VII of the Civil Rights Act Of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*; the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1 *et seq.*; the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42-112-1 *et seq.*; and the Rhode Island Civil Rights of People with Disabilities Act ("RICRPDA"), R.I. Gen. Laws § 42-87-1 *et seq.* John hereby alleges as follows:

## PARTIES

2. Plaintiff John Miller is a citizen and resident of Fleming, Ohio.

3. At all times relevant herein, John was employed by Defendant in the State of Rhode Island.

4. Defendant RPG is a foreign corporation organized under the laws of the State of North Carolina with a principal office located at 100 Magnolia Road, Ste 2207, Pinehurst, NC 28374-9324, and a Rhode Island Registered Agent of 'URS AGENTS, LLC' located at 222 Jefferson Boulevard, Suite 200, Warwick, RI 28374.

5. Defendant EB is a foreign corporation organized under the laws of the State of Delaware with a principal office located at 75 Eastern Point Road, Groton, CT 06340, and a Rhode

Island Registered Agent of 'CT Corporation System' located at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

6. At all times relevant herein, Defendant was John's "employer" within the meaning of all relevant statutes.

**JURISDICTION**

7. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction under 28 U.S.C. § 1331 because John asserts claims arising under federal law. Specifically, this action arises, *inter alia*, under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq*., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. and the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq*.

8. The United States District Court for the District of Rhode Island has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

9. The United States District Court for the District of Rhode Island has personal jurisdiction over Defendant because it has its principal place of business within this District, and it has sufficient minimum contacts in Rhode Island to render the exercise of jurisdiction by this Court both proper and necessary.

**VENUE**

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants conduct business in Rhode Island. Therefore, Defendants are deemed to reside in this District.

11. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

12. John is a 61-year-old male who was hired by Defendant RPG as a supervisor on or around September 191. 2022, earning $48 per hour. He worked at Defendant EB's location in Quonset Point, RI.

13. Prior to working for Defendants at the Quonset Point location, John worked for Defendant RPG from approximately March of 2015.

14. RPG is a third-party full-service maintenance and capital construction company that offers services to EB, a company that for over 100 years has focused on building submarines for the United States Navy.

15. At all times relevant, John's position was supervisor.

16. At the time of John's termination, he was earning $50 per hour and working an average of 66 hours per week.

17. Upon information and belief, in or around April 2023, Defendant RPG received a directive from Defendant EB requiring layoffs and demotions to effectuate a reduction in force. Pursuant to said directive, and in a discriminatory fashion, John was laid off by Defendants RPG and EB on May 1, 2023. He has been unemployed since May 4, 2023.

**John Is Blind In One Eye And Has A Limp And Is Subjected To Discrimination Due To His Conditions.**

18. John has been on disability since 2018. He is blind in one eye, and both of his knees have been surgically repaired. His disability has caused certain limitations in movement, but he was otherwise able to perform his job responsibilities for Defendants fully and satisfactorily. In fact, Defendants kept John employed for several months, during which time he was able to successfully complete assignments and supervise other employees.

19. John informed Defendant RPG of his disability during the hiring process. Defendant RPG assured him that his disability would not be a problem and promised him that he

could retire from his employment with Defendants, holding that he would have job security until retirement.

20. John was able to do his job without accommodation, though he was unable to move as fast as others. Since John was a supervisor, his job was not as physically demanding as the jobs of the people who reported to him. He was not a specialist; therefore, he was not required to do more of the physical work. John never received a negative performance evaluation related to his inability to keep up while walking.

21. In or around November 2022, Brian Hargett ("Brian"), a project manager at Defendant RPG and John's direct supervisor, commented to a general foreman that he (Brian) did not like the way John looked or walked.

22. In or around December 2022 and January 2023, John requested reasonable accommodation related to his double-knee repair. Specifically, he asked for permission to wear boots to work to help with his walking. Defendants denied his request for reasonable accommodation. He was able to nonetheless continue to perform his job, albeit with increased pain and difficulty than had he been afforded the reasonable request.

23. By then, John knew his requests for reasonable accommodation were annoying Defendants and their agents. They not only denied his request, but also, through their agent, Brian, Defendants made John feel unfit and like a burden.

24. Brian also frequently made fun of John and mocked his disabilities at every opportunity. Brian ridiculed John in the presence of others, including asking John why he walked funny or why he had a funny look on his face. The comment about the look on his face was in reference to the fact that John walks with one eye closed since he is blind in one eye.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Defendants' Hostile Work Environment Affected John's Mental and Physical Health and Denied Him A Deserved Promotion.**

25. The culture at this workplace was very toxic. It was discouraging to John to be part of a team like this, and the leadership team's behavior caused him a lot of stress.

26. Defendant RPG held a team meeting every Monday. Brian facilitated this meeting with all the supervisors to discuss any issues that supervisors had with each other and any issues with supervision in general. At these meetings, Brian would tell the whole group that if they had a problem, they should go to him rather than Human Resources. These meetings were usually unproductive because the senior leaders often bickered with each other over every issue, until they reached an impasse, and nothing was ever resolved or fixed.

27. Despite his experience and seniority, Defendants never offered John a promotion to a safety manager position, which was a position he had sought after. A person with less seniority was offered the position when it became available.

28. In January 2023, the safety general foreman spoke with John to see how things were going. John told him that he thought he worked well with the safety personnel and to his knowledge had no issue with them. However, the safety general foreman told John that some people did not want him to work for Defendants. The safety general foreman did not mention who told him this. John took this to mean that Brian, and other agents for Defendants, were bothered by his disabilities and his requests for reasonable accommodation (i.e., permission to wear boots to work), which had happened around that same time. There was no other reason why Defendants, or their agents, would not want John to work for them since his performance had always been remarkable.

29. Later, a colleague, Myron Wicks ("Myron") shared with John that Brian told him (Myron) that he (Brian) "had it out for" him (Myron). Myron also shared with John that Brian also "had it out for" John.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

30. In or about February 2023, Myron was terminated.

31. After Myron's termination, Brian had a meeting telling all the workers they were doing a great job.

32. After the meeting, John told Brian he was afraid of retaliation because he was friends with Myron. At Defendants, there is a history of individuals being retaliated against for speaking up. Myron's termination indeed felt retaliatory. Myron did things "by the book" which management never liked, which included calling out unfair treatment such as discrimination in the workplace. Management knew John was close friends with Myron, and also prone to speak up and denounce misconduct, so John felt like he was next. However, Brian assured John that he had nothing to worry about.

33. On March 15, 2023, John spoke with Robin Lang ("Robin"), Defendant RPG's human resources professional, about the numerous concerns he had with the toxic work environment and workplace discrimination; John also shared his belief that he was being treated differently because of his disabilities. John also emailed Robin his concerns following their meeting.

34. On March 30, 2023, Gaston Russ ("Gaston"), a general foreman, called John into his trailer to speak with him. When John entered the trailer, several other general managers were present. They asked John why he was going around telling coworkers that Myron was going to "get even" with a "bunch of people." John told them that he never said this to anyone and pleaded with them to stop accusing him of rumors.

35. On March 31, 2023, John emailed Robin informing her of the incident that happened on March 30, 2023. It did not feel right, and John believed it to be the retaliation that he predicted would follow Myron's termination and his complaints. John also shared with Robin that his mental and physical health were being negatively affected because of the toxic work

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

environment he was subjected to. He told her that he was contemplating whether to get an attorney and requested that the abuse stop.

36. John called Robin two weeks after emailing her on March 31, 2023, to ask for an update about his complaint. Robin stated that "it went beyond me," and she could not provide additional information.

37. Around that time, John also reported to Human Resources that there had been instances of unlawful termination based on former employees' race, color and/or national origin. John raised his legitimate concerns but to no avail.

**Defendants Terminated John and Others Over 40 Years Old While Maintaining Less Experienced and Younger Employees.**

38. On May 1, 2023, John's employment was involuntarily terminated. It was categorized as a layoff, or reduction of force supposedly directed by Defendant EB for Defendant RPG to effectuate. The specific reason provided for his termination was that there were "too many" supervisors.

39. Other supervisors, including younger and less experienced staff, received offers to work with their tools, a demotion from the supervisor position, rather than termination. However, John was not offered a comparable opportunity to continue at Defendants, even if it meant a demotion, which, if feasible, he would have taken at the risk of being unemployed at his age.

40. On May 12, 2023, considering his current situation of unemployment and the circumstances around a wrongful termination, John had a nervous breakdown and was sent to Columbus Springs Mental Health Service where he received treatment for approximately one week. John was also prescribed medication and is now regularly being treated by a mental health professional. Prior to working with Defendants, he had never been treated by mental health professionals.

41. Following his termination and hospitalization, John had issues paying his rent. As a result, his landlord threatened to sue him for breach of contract.

42. In terminating his employment, Defendants also discriminated against him by intentionally keeping the younger, lesser experienced employees as supervisors when there were "too many supervisors"—one of whom only had 6 months of experience and was the brother of a general foreman.

43. The reason for his termination was a pretext; in effect, his layoff was a result of a discriminatory and retaliatory decision due to his disability, his age, and the fact that he had complained about several wrongful employment practices at the workplace.

**Defendants Jointly Employed John at EB's Quonset Point Facility and Jointly Operated and Controlled John's Employment.**

44. Defendants jointly operate at EB's Quonset Point facility in Quonset Point, RI, where John was hired to perform his duties as a supervisor.

45. Defendants act in the interest of each other with respect to employees and projects, pay employees by the same or agreed upon method and share control over the employees and their performance.

46. Each Defendant possessed substantial control over John's working conditions, and over the policies and practices with respect to the employment and compensation of John, as well as the tasks and duties he was expected to perform. Defendant EB had authority over the hiring and firing of Defendant RPG's employed staff, including John. Indeed, pursuant to Defendant EB's directive, Defendant RPG terminated John's employment.

**John Exhausts Administrative Remedies And Receives The Right To Sue**

47. On or about February 23, 2024, John filed a Charge of Discrimination against Defendant with the Rhode Island Commission for Human Rights ("RICHR") and the United States Equal Employment Opportunity Commission ("EEOC").

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

48. On May 13, 2024, Defendant EB filed its Position Statement.

49. On June 6, 2024, Defendant RPG filed its Position Statement.

50. Thereafter, and in accordance with R.I. Gen. Laws § 28-5-24.1(c), John elected to terminate all proceedings before the RICHR and the EEOC, and instead assert his rights and remedy Defendant's violations in Court. On July 18, 2024, the RICHR issued John a Notice of Right to Sue. On August 6, 2024, the EEOC issued John a Notice of Right to Sue. John has therefore timely and properly exhausted administrative remedies and has satisfied all pre-conditions to the filing of this action.

51. The facts are straightforward – Defendant continuously discriminated against John because of his age and disabilities. John brings this action to remedy these violations.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## CLAIMS FOR RELIEF

52. Plaintiff realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

### First Claim for Relief

*Violation of Rhode Island Whistleblowers' Protection Act,*

*R.I. Gen. Laws §28-50-1 et seq.*

53. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, retaliated against John for engaging in protected activity by reporting a violation of law in violation of RIPWA, and thereby deprived John of rights secured under RIPWA, causing John to suffer damages as aforesaid.

### Second Claim for Relief

*Violation of Title VII of the Civil Rights Act of 1964*

*42 U.S.C. § 2000e et seq.*

54. Defendants, by their individual and/or concerted acts and/or omissions, including those of their agents, and including, but not limited to those described herein, discriminated against

John on this basis of his age and disabilities and retaliated against John for engaging in protected activity (including, inter alia, reporting hostile work environment) in violation of Title VII, and thereby deprived John of rights secured under Title VII, causing John to suffer damages as aforesaid.

**Third Claim for Relief**

*Violation of the Americans with Disabilities Act of 1990*

*42 U.S.C. § 12101 et seq.*

55. Defendants, by their individual and/or concerted acts and/or omissions, including those of their agents, and including, but not limited to those described herein, engaged in unlawful employment discrimination based on John's disability within the meaning of the ADA. John was subjected to adverse employment actions, including constant negative treatment due to his disabilities. John was subjected to further adverse employment actions, including by being terminated in part because of his disability. Defendants also failed to accommodate John's request for reasonable accommodation for his disability (in the form of wearing boots at work to address his double-knee repair). This deprived John of the rights secured under the ADA and caused him to suffer damages as aforesaid.

**Fourth Claim for Relief**

*Violation of the Age Discrimination in Employment Act,*

*29 U.S.C. § 623 et seq.*

56. Defendants, by their individual and/or concerted acts and/or omissions, including those of their agents, and including, but not limited to those described herein, engaged in unlawful employment discrimination based on John's age, including terminating him due to a pretextual reason (i.e., that there were "too many supervisors" at Defendants) and retaining only younger,

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

less experienced ones, and thereby otherwise deprived John of his rights secured under FEPA, causing John to suffer damages as aforesaid.

**Fifth Claim for Relief**

*Violation of the Rhode Island Fair Employment Practices Act,*

*R.I. Gen. Laws § 28-5-1 et seq.*

57. Defendants, by their individual and/or concerted acts and/or omissions, including those of their agents, and including, but not limited to those described herein, engaged in unlawful employment discrimination based on John's age and disability within the meaning of the FEPA, retaliated against John for engaging in protected activity in violation of FEPA (including, but not limited to, reporting discrimination and hostile work environment) and thereby otherwise deprived John of his rights secured under FEPA, causing John to suffer damages as aforesaid.

**Sixth Claim for Relief**

*Violation of the Rhode Island Civil Rights Act,*

*R.I. Gen. Laws § 42-112-1 et seq.*

58. Defendants, by their individual and/or concerted acts and/or omissions, including those of their agents, and including, but not limited to those described herein, engaged in unlawful discrimination based on John's age and disability within the meaning of the RICRA, and thereby otherwise deprived John of his rights secured under RICRA, causing John to suffer damages as aforesaid.

**Seventh Claim for Relief**

*Violation of the Rhode Island Civil Rights of People with Disabilities Act,*

*R.I. Gen. Laws § 42-87-1 et seq.*

59. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful discrimination based on John's

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

disability within the meaning of the RICRPDA, and thereby otherwise deprived John of his rights secured under RICRPDA, causing John to suffer damages as aforesaid.

**PRAYER FOR RELIEF**

WHEREFORE, John prays and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the RIPWA, Title VII, ADA, ADEA, FEPA, RICRA, RICRPDA;

B. An injunction directing Defendants to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make John whole for all earnings and benefits John would have received but for the violations;

D. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which John is entitled;

E. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

Dated: October 11, 2024

**ODU LAW FIRM, LLC**

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
RI Bar No. 9427
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF, JOHN MILLER**