UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN MILLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00412 |
| | ) |
| RILEY POWER GROUP; ELECTRIC BOAT CORPORATION | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ELECTRIC BOAT CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Electric Boat Corporation ("Defendant" or "Electric Boat") hereby answers the individually numbered paragraphs of the Complaint in the above-captioned matter as follows:

**COMPLAINT**[1]

**SUMMARY OF THE ACTION**

1. This paragraph sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

**PARTIES**

2. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies the same.

3. Defendant admits only that Plaintiff was employed by defendant Riley Power Group, LLC. Defendant denies the remaining allegations in this paragraph.

4. Defendant admits that RPG is a foreign corporation organized under the laws of the State of North Carolina with a principal office located at 100 Magnolia Rd, Ste 2207, Pinehurst, NC 29374. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, and therefore denies same.

---

[1] The headings used in this Answer are taken from the Complaint and repeated herein for organizational purposes. Defendant denies any factual or legal implication set forth in any heading or the table of contents of the Complaint.

5. Defendant admits the allegations in this paragraph.

6. Defendant admits only that Plaintiff was employed by defendant Riley Power Group, LLC. Defendant denies the remaining allegations in this paragraph.

## JURISDICTION

7. This paragraph sets forth legal conclusions to which no responsive pleading is required.

8. This paragraph sets forth legal conclusions to which no responsive pleading is required.

9. This paragraph sets forth legal conclusions to which no responsive pleading is required.

## VENUE

10. This paragraph sets forth legal conclusions to which no responsive pleading is required.

11. This paragraph sets forth legal conclusions to which no responsive pleading is required.

## FACTUAL BACKGROUND AND ALLEGATIONS

12. Defendant is without information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph, and therefore denies same. Defendant further responds by admitting only that Plaintiff worked at its Quonset Point location as an employee of defendant Riley Power Group, LLC. Defendant denies the remaining allegations in this paragraph.

13. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

14. Defendant admits that Riley Power Group provides certain services through its supply of vendors who work at Defendant's Quonset Point facility. Defendant further admits that it is engaged in the manufacture of submarines for the United States Navy. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

15. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

16. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

4863-8207-7689.1

17. Defendant admits only that Plaintiff stopped working at Defendant's Quonset Point location because of a reduction in force. Defendant denies the remaining allegations in the first two sentences of this paragraph. Defendant denies the allegations in the Defendant is without information sufficient to form a belief as to the truth of the allegations in the last sentence of this paragraph, and therefore denies same.

18. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

19. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

20. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

21. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

22. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

23. Defendant denies the allegations in this paragraph.

24. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

25. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

26. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

27. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

28. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

29. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

30. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

31. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

32. Defendant denies the allegations in the second sentence of this paragraph. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies same.

33. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

34. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

35. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

36. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

37. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

38. Defendant admits that for cost reasons it requested a reduction in force of RPG's supervisory personnel assigned to Quonset Point. Defendant denies the remaining allegations in this paragraph.

39. Defendant denies the allegations in this paragraph.

40. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

41. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

42. Defendant denies the allegations in this paragraph.

43. Defendant denies the allegations in this paragraph.

44. Defendant denies the allegations in this paragraph.

45. Defendant denies the allegations in this paragraph.

46. Defendant denies the allegations in this paragraph.

47. Defendant admits the allegations in this paragraph.

48. Defendant admits the allegations in this paragraph.

49. Defendant is without information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies same.

50. This paragraph sets forth legal conclusions to which no responsive pleading is required.

51. Defendant denies the allegations in this paragraph.

## CLAIMS FOR RELIEF

52. Defendant incorporates its responses to the allegations contained in paragraphs 1-51 above.

### First Claim for Relief

53. Defendant denies the allegations in this paragraph.

### Second Claim for Relief

54. Defendant denies the allegations in this paragraph.

### Third Claim for Relief

55. Defendant denies the allegations in this paragraph.

### Fourth Claim for Relief

56. Defendant denies the allegations in this paragraph.

### Fifth Claim for Relief

57. Defendant denies the allegations in this paragraph.

### Sixth Claim for Relief

58. Defendant denies the allegations in this paragraph.

### Seventh Claim for Relief

59. Defendant denies the allegations in this paragraph.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested in this section.

### JURY DEMAND

Defendant demands a trial by jury on all counts so triable.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Complaint fails to state any claims upon which relief may be granted.

#### Second Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, and/or unclean hands.

#### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part because any actions Defendant may have taken towards Plaintiff, and Defendant denies that it took any such actions, were based on legitimate, nondiscriminatory business reasons.

#### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendant's actions towards Plaintiff, if any, were at all times in good faith and in conformity with all applicable statutes, rules, and regulations.

#### Fifth Affirmative Defense

Plaintiff's claims must fail because Plaintiff's employer terminated his employment for legitimate, non-discriminatory and non-retaliatory business reasons.

### Sixth Affirmative Defense

Plaintiff's claims to relief and/or damages are or may be affected by the after-acquired evidence rule.

### Seventh Affirmative Defense

Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate damages, if any.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff failed to allege facts which would entitle him to punitive, trebled, liquidated, or exemplary damages.

### Ninth Affirmative Defense

Any entitlement of Plaintiff to punitive damages for the alleged discriminatory employment decisions of Defendant is contrary to Defendant's good faith efforts to comply with all equal employment opportunity laws. Moreover, Defendant is not liable for punitive damages under the law, because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

### Tenth Affirmative Defense

Plaintiff's claims, in whole or in part, fail to the extent that they are based on events outside applicable statutes of limitation.

### Eleventh Affirmative Defense

If Plaintiff is able to show any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

### Twelfth Affirmative Defense

Defendant has a well-disseminated and consistently enforced policy against discrimination and harassment as well as a reasonable and available procedure for receiving and investigating alleged

complaints of discrimination and harassment. To the extent that Plaintiff unreasonably failed to use or otherwise avail himself of these policies and procedures, his claims are barred.

### Thirteenth Affirmative Defense

Defendant denies that it was the Plaintiff's employer or joint employer.

### Fourteenth Affirmative Defense

Plaintiff's claims are subject to dismissal to the extent that he failed to exhaust administrative remedies.

### Fifteenth Affirmative Defense

Plaintiff cannot establish a discriminatory or retaliatory hostile work environment based on age or disability because he cannot show that he was subjected to conduct that was sufficiently severe or pervasive to alter the terms or conditions of his employment. Further, Plaintiff's hostile work environment claim fails because he cannot show that the alleged conduct was subjectively and objectively offense or hostile.

### Sixteenth Affirmative Defense

Plaintiff's own conduct was the proximate cause of any damage he sustained.

### Seventeenth Affirmative Defense

Defendant reserves the right to add such affirmative defenses as warranted by additional investigation and discovery into this case.

ELECTRIC BOAT CORPORATION

By its Attorneys,

*/s/ Raymond M. Ripple*
Raymond M. Ripple (#6489)
BOWDITCH & DEWEY, LLP
101 Federal Street, Suite 1405
Boston, MA 02110
Telephone: 617-757-6516
rripple@bowditch.com

4863-8207-7689.1

**CERTIFICATE OF SERVICE**

      I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 6, 2024.

                                */s/ Raymond M. Ripple*
                                Raymond M. Ripple